UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:22-CV-33 RLW |
| | ) |
| DAVID S. FERRIERO, *Archivist of* | ) |
| *The United States Nationals Archives and* | ) |
| *Records Administration*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Defendant David S. Ferriero, Archivist of the United States National Archives and Records Administration ("NARA"), for a more definite statement, or in the alternative to dismiss. (ECF No. 11). Plaintiff Mary Turner, who is proceeding in this matter pro se, opposes the motion, which is ripe for review. For the reasons that follow, the Court grants Defendant's motion for more definite statement and grants, in part, the motion to dismiss.

*Background*

On January 7, 2022, Plaintiff Mary Turner filed, without the assistance of counsel, an "Employment Discrimination Complaint" against NARA. The Complaint, which was filed on a form complaint, purports to bring claims against the defendant pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§2000e, et seq., ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq., ("ADEA"); and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., ("ADA"). As for the nature of the case, Plaintiff checked the following boxes: "failure to promote me," "failure to accommodate my disability," "retaliation," and "harassment." (ECF No.

1 at 4). Plaintiff alleges that she was discriminated against based on her race, color, gender, disability, and age. When asked to provide the "essential facts" of her claim, Plaintiff wrote the following:

1. The Agency blocked and withheld promotions from me, despite being the best qualified candidate.
2. The Agency denied my request for reasonable accommodation for my disability.
3. The Agency proposed to demote me, without cause, in the accommodation process.
4. The Agency disciplined me, without cause, during the accommodation process.
5. The Agency harassed and retaliated against me.

(ECF No. 1 at 5). There are no other factual allegations in Plaintiff's Complaint.

Plaintiff did attach to her Complaint the following three letters addressed to her from the Equal Opportunity Office of the NARA: Notice of Further Rights in Case No. 2020-16STL, Notice of Further Rights in Case No. 1911STL, and Acceptance Letter in Case No. 1911STL. (ECF No. 1, Ex. 1). The Acceptance Letter, dated August 27, 2019, contains some factual information regarding Case No. 1911STL. According to the Acceptance Letter, Plaintiff filed a formal complaint of discrimination on March 2, 2019, and amended her complaint three times. (ECF No. 1, Ex. 1 at 5). Plaintiff claimed she was subject to a hostile work environment and discrimination based on her race (African American), color (black), sex (female), age (over 40), and reprisal for prior EEO activity when "management continuously harassed (non-sexual) her and systematically made comments and withheld promotions from her from June 7, 2012 to October 25, 2018." (Id.) The Acceptance Letter lists ten promotions Plaintiff claimed that she did not receive, and ten "Reassignments and Other Incidents," which include allegations such as she was reassigned to lower positions or did not receive requested reassignments, her office was moved to a cubicle, and her phone and computer were taken away. (Id.) There is no factual information regarding Case

No. 2020-16STL in any of the exhibits.  Moreover, there is no factual information in any of the exhibits about Plaintiff's alleged disability or requests for accommodations.

*Discussion*

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  It is a plaintiff's "burden under both Rule 8 and Rule 11, to reasonably investigate [his or her] claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them."  Harper v. Ascension Health All., No. 4:17-CV-2495 ERW, 2017 WL 6407776, at *2 (E.D. Mo. Dec. 15, 2017) (quoted case omitted).  Rule 12(e) allows for a defendant to move for a more definite statement if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  "A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable." Tinder v. Lewis Cnty. Nursing Home Dist., 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001).  Here, Plaintiff is proceeding without the assistance of counsel, and while a pro se complaint should be liberally construed and held to less stringent standards than those drafted by an attorney, Johnson v. Arden, 614 F.3d 785, 798 (8th Cir. 2010), it must "specify the allegations in a manner that provides sufficient notice" to the defendant.  Whitehead v. City of St. Louis, No. 4:09-CV-483 CDP, 2009 WL 4430699, at *1 (E.D. Mo. Nov. 24, 2009).

The Court has reviewed Plaintiff's Complaint finds that it does not meet the basic requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  The Complaint itself contains little to no factual allegations.  Plaintiff asserts numerous potential claims against NARA, but she does not set forth facts to support these claims.  For instance, Plaintiff appears to be making a

claim of disability discrimination, but she does not allege what her alleged disability is, what accommodation she requested for her disability, when she made the request, and/or when it was denied.  Plaintiff also alleges, in general, that she did not receive or was blocked from promotions.  But she does not detail what promotions she was denied, whether she applied for them and when, when they were denied, and/or who was hired instead.  The same goes for her allegations of harassment and retaliation.  There are no specific, factual allegations to support these claims.  In sum, the manner in which Plaintiff has pleaded her Complaint is so general and without factual support that NARA cannot reasonably be expected to respond to it.

As discussed above, there is some factual information, such as a list of promotions Plaintiff claims that she did not receive, contained in the Acceptance Letter attached to the Complaint.  While a Court may consider, under certain circumstances, materials attached to a complaint, Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999), the Court finds the exhibits attached to Plaintiff's Complaint fail to remedy the deficiencies in her pleading.  First, there is no factual information in the exhibits regarding Plaintiff's alleged disability or any requests for accommodations, and there is scant information regarding any alleged harassment or retaliation, such when it occurred, a description of the actual conduct, and by whom.  And while the Acceptance Letter does list promotions Plaintiff claims she did not receive, it is unclear whether Plaintiff is pursuing claims with regard to all of these promotions and on what grounds.  Even with the exhibits, Plaintiff's Complaint is "so vague or ambiguous" that NARA is not on proper notice of the claims Plaintiff is bringing against it.  Fed. R. Civ. P. 12(e).  See also Tinder, 207 F. Supp. 2d at 959.

In her response in opposition to Defendant's Motion for More Definite Statement, or in the Alternative to Dismiss, Plaintiff provides "clarifications" to her claims for reasonable

4

accommodations, retaliation, and harassment.[1]  In her memorandum, Plaintiff provides pertinent information such as her job title, background, dates when she made requests for accommodations, dates when the requests were denied, and who allegedly harassed her and when.  She also explains that she is bringing her disability claim under the Rehabilitation Act.  First, Plaintiff has not alleged a claim of disability discrimination under the Rehabilitation Act in her Complaint, and she cannot add a new claim with a response memorandum.  Plaintiff also cannot add factual allegations to her Complaint with a legal memorandum.  Johnson v. Robert McDonald, Secretary, Dep't of Veterans Affairs, 2016 WL 3997072, at *5 (E.D. No. Jul. 26, 2026.  Amendments must be made through the filing of a separate, amended complaint.

As Plaintiff's Complaint does not provide sufficient factual allegations regarding her claims, the Court grants Defendant's Motion for More Definite Statement.  Plaintiff will be allowed to amend her complaint.  In order to proceed in this matter, Plaintiff must submit an amended complaint on the court-provided form.  The amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  See Fed. R. Civ. P. 20(a)(2).  Plaintiff is required to set out each of her alleged claims in a simple, concise, and direct manner, <u>and also the facts supporting her claims</u>.  See Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances).  Plaintiff

---

[1] Plaintiff also filed a Motion for Leave to File a Surresponse, which Defendant opposes. The Court will deny Plaintiff's motion, as the proposed surresponse appears to be an attempt to amend her Complaint and argue, on the merits, claims that are not alleged in her Complaint.

must explain Defendant's alleged misconduct so that the agency will have notice of what it is accused of doing or failing to do.  See Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").  For each claim, Plaintiff should: (1) set forth the factual allegations supporting that claim, and (2) state what statutory right(s) the defendant violated.

Plaintiff is advised that the filing of the amended complaint completely replaces her original complaint, so it must include all claims Plaintiff wishes to bring.  See In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").  **If Plaintiff fails to file an amended complaint on the Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice.**

Finally, Defendant moves, in the alternative, to dismiss Plaintiff claims against it.  In her response memorandum, Plaintiff states that she is no longer pursuing claims under the ADEA or ADA.  The Court will, therefore, grant Defendant's Motion to Dismiss with regard to these two claims.  In all other respects, Defendant's motion to dismiss is denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Mary Turner's Motion for Leave to File Surresponse is **DENIED.**  [ECF No. 25].

**IT IS FURTHER ORDERED** that Defendant David S. Ferriero's Motion for a More Definite Statement is **GRANTED.**  [ECF No. 11].

**IT IS FURTHER ORDERED** on or before **November 21, 2022**, Plaintiff Mary Turner shall file an amended complaint in accordance with the instructions set forth herein. The Clerk of Court shall mail to Plaintiff at her address of record a copy of the Court's Employment Discrimination Complaint form. **Plaintiff's failure to file an amended complaint on the Court-provided form within the time allowed and in accordance with the instructions set forth herein shall result in dismissal of this action without prejudice and without further notice.**

**IT IS FURTHER ORDERED** that Defendant David S. Ferriero's alternative Motion to Dismiss is **GRANTED, in part, and DENIED, in part.** The motion is **GRANTED** to the extent that Plaintiff's claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq., and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., are **DISMISSED.** In all other respects, the Motion is **DENIED, without prejudice.** [ECF No. 11].

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   21st   day of October, 2022.